**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | **CRIMINAL ACTION** |
| ) | |
| v. ) | No. 05-10205-MLB |
| ) | |
| KAREN DORNBUSH, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This case comes before the court on defendant's motion for reduction of sentence pursuant to 28 U.S.C. § 2255. (Doc. 35). The motion has been fully briefed and is ripe for decision. (Doc. 38).[1] Defendant's motion is denied for the reasons herein.

**I. Facts**

On December 19, 2005, defendant entered a plea of guilty to an indictment charging a violation of 18 U.S.C. § 922(g)(1). (Doc. 14). Defendant was sentenced to 78 months followed by a two-year term of supervised release. On July 18, 2011, defendant began serving her term of supervised release.

On April 30, 2012, defendant appeared before the court on a petition for a modification of her supervised release due to concerns by the probation officer. Defendant had been maintaining an unauthorized relationship with Alvin Garza, a felon and substance

---

[1] Defendant did not file a reply and the time for doing so has now passed.

abuser.[2] Garza was arrested for driving under the influence and defendant and her minor child were in the vehicle with Garza at the time of the arrest. Defendant did not report the law enforcement contact to probation and, additionally, was falsifying her monthly report forms and financial information to the probation officer. At the hearing, the court advised defendant of her responsibilities to the probation office and the consequences of a future violation of her supervised release.

On January 1, 2013, however, defendant tested positive for Methamphetamine. Defendant initially denied use and claimed it was the result of using a coffee filter that had been used to manufacture the drug. Defendant ultimately admitted to her drug use during a party on New Year's Eve.

On January 17, 2013, the probation officer filed a petition to revoke defendant's supervised release alleging that defendant had violated the terms by possessing Methamphetamine. On February 19, 2013, the court held a hearing on the violation. At the hearing, defendant waived the opportunity for a hearing and admitted to the violation after being informed by the court that she could serve a sentence of 18 to 24 months. The court revoked supervised release and sentenced defendant to 24 months.

Defendant filed this motion asserting that her counsel was ineffective for failing to present a defense and that the sentence was

---

[2] The probation officer had previously denied defendant's request to associate with the felon.

unreasonable.[3]

## II. Analysis

### A. Ineffective Counsel

Defendant claims her counsel was ineffective for failing to present a defense and discredit the probation officer. A defendant making an ineffective-assistance-of-counsel claim must show both that counsel's performance "fell below an objective standard of reasonableness" and that "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687–88 (1984). Review of counsel's performance under the first prong of the Strickland test is highly deferential. Barkell v. Crouse, 468 F.3d 684, 689 (10th Cir. 2006).

At the hearing, defense counsel urged the court to allow defendant to attend inpatient treatment, highlighted defendant's achievements and characterized the drug use as a mistake. The court considered the arguments made by counsel but was not persuaded. After a review of the transcript, the court finds defense counsel's performance did not fall below an objective standard of reasonableness.

### B. Reasonableness of the Sentence

Defendant's three remaining grounds for relief all revolve around the reasonableness of her sentence and her belief that the probation officer was lying to the court.

---

[3] After sentencing, defendant sent two letters to the court seeking a reduction of sentence due to her completion of various programs. The court denied her request. (Doc. 34). Her letters, however, were not motions to vacate, set aside or correct her sentence under 28 U.S.C. § 2255. Therefore, the court does not consider the pending motion to be a second or successive section 2255 motion.

-3-

First, defendant contends that the court erred in revoking her supervised release, citing 18 U.S.C. § 3583(g)(4).[4] 18 U.S.C. § 3583(g) provides:

If the defendant-

(1) possesses a controlled substance in violation of the condition set forth in subsection (d);

\* \* \*

or

(4) as a part of drug testing, tests positive for illegal controlled substances more than 3 times over the course of 1 year;

the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3).

Section 3583(g)(4) is not applicable in this case as defendant did not admit to merely testing positive for a controlled substance. Defendant admitted to possession of Methamphetamine, a controlled substance. Therefore, the court was required to revoke her supervised release as set forth in section 3583(g)(1).[5]

Second, defendant contends that the probation officer was untruthful and misrepresented her conduct to the court. Defendant, however, was given an opportunity for a hearing. Instead, defendant chose to admit to the allegation and waive her right to a hearing.

---

[4] Defendant erroneously cites to the statute concerning revocation of probation, section 3565(b)(4). The statue concerning supervised release, section 3583(g)(4), contains identical language regarding mandatory revocation.

[5] A positive drug test can form the basis for a finding of unlawful possession of a controlled substance. <u>United States v. Hammonds</u>, No. 03-7081, 2004 WL 339638 (10th Cir. 2004).

-4-

Therefore, defendant's allegations concerning the probation officer's conduct are not supported by the record. Moreover, the court sentenced defendant based on her admitted conduct and not on any alleged statement made out of the courtroom.[6]

Finally, defendant argues that the sentence was unreasonable and she should have been released from custody and discharged from supervised release. (Doc. 35 at 25). In imposing a sentence after revocation of supervised release, the court must consider both the advisory policy statements in Chapter 7 of the Sentencing Guidelines and the factors provided in 18 U.S.C. § 3553(a). United States v. Cordova, 461 F.3d 1184, 1188 (10th Cir. 2006). Sentences imposed within the correctly formulated Sentencing Guidelines range are presumptively reasonable. United States v. Kristl, 437 F.3d 1050, 1055 (10th Cir. 2006). The sentence in this case was within the guideline range and, therefore, reasonable. The court clearly articulated its reasons for the sentence in court and in the judgment.

---

[6] Defendant's motion states that the court stated "The P.O. stated that you had expressed to her that I was a liar and weak and that I would never send you back to prison, so I am giving you 24 months." (Doc. 35 at 6). That language does not appear in the transcript. (Doc. 37). The court stated as follows when sentencing defendant:

Based on the Defendant's statements, Defendant is sentenced to two years in prison. No further supervised release. She can't benefit from it.

\*\*\*

You can appeal if you want. Mr. Loeffler can counsel with you about it. But I considered everything that I'm required to consider with respect to this type of situation; and there's just no excuse for this continued use of drugs. And you will not benefit from any further supervision and certainly won't benefit from any further expenditure of government funds on counseling or inpatient treatment. You can only benefit from that if you're willing to benefit from it, and you're not. She's excused.
(Doc. 37 at 9-10).

## III. Conclusion

Defendant's motion for relief is denied. (Doc. 35).[7]

IT IS SO ORDERED.

Dated this ___21st___ day of January 2014, at Wichita, Kansas.

                                            s/ Monti Belot
                                            Monti L. Belot
                                            UNITED STATES DISTRICT JUDGE

---

[7] Defendant also seeks credit for her time served at the halfway house prior to her revocation. (Doc. 36). Under the Guidelines, credit for prior custody is governed by 18 U.S.C. § 3585(b), and allows credit under two circumstances neither of which is met in this case. Defendant's motion is therefore denied.